PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; Institute for Fisheries Resources; Northcoast Environmental Center; Klamath Forest Alliance; Oregon Natural Resources Council; The Wilderness Society; Waterwatch of Oregon; Defenders of Wildlife; Headwaters; Mike Thompson, Representative., Plaintiffs–Appellees,

v.

UNITED STATES BUREAU OF RECLAMATION; National Marine Fisheries Service, Defendants,

and

Klamath Water Users Association; Tulelake Irrigation District; William Heiney; Amos Hoyt, Defendant–Intervenors–Appellants,

v.

Yurok Tribe; Hoopa Valley Tribe, Plaintiff–Intervenors.

No. 06–16296.

United States Court of Appeals, Ninth Circuit.

Submitted March 22, 2007 *.

Filed March 26, 2007.

Michael R. Sherwood, Esq., Earthjustice Legal Defense Fund, Oakland, CA, Kristen L. Boyles, Esq., Jan Hasselman, Michael Mayer, Esq., Shaun Goho, Esq., Earthjustice Legal Defense Fund, Seattle, WA, for Plaintiffs–Appellees.

John A. Bryson, Esq., S. Jay Govindan, DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Maria A. Iizuka, Esq., Stephen M. MacFarlane, Attorney, DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Sacramento, CA, for Defendants.

Russell C. Brooks, Esq., Pacific Legal Foundation, Bellevue, WA, Robin Lee Rivett, Esq., Damien M. Schiff, Esq., Pacific Legal Foundation, Sacramento, CA, for Defendant–Intervenors–Appellants.

Scott W. Williams, Esq., Curtis G. Berkey, Esq., Alexander Berkey Williams &

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Weathers LLP, Berkeley, CA, Grett L. Hurley, Esq., Office of Tribal Attorney, Hoopa, CA, Thomas P. Schlosser, Esq., Morisset Schlosser Jozwiak & McGaw, Seattle, WA, for Plaintiff–Intervenors.

Before: D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

The Klamath Water Users Association ("KWUA") appeals the district court's order enjoining the U.S. Bureau of Reclamation ("BOR") from making irrigation diversions from the Klamath Reclamation Project ("Klamath Project" or "Project") under the 2002 Biological Opinion. The district court, acting pursuant to our previous decision in *Pacific Coast Federation of Fishermen's Associations v. United States Bureau of Reclamation*, 426 F.3d 1082 (9th Cir.2005) ("*PCFFA III* "), ordered an injunction to remain in place until a new biological opinion consistent with the provisions of the Endangered Species Act ("ESA") has been produced. We affirm the district court's order.

The KWUA raises two issues on appeal.[1] First, the KWUA argues that the government's supplemental analysis eliminated the legal basis for enjoining the government from executing the Klamath Project. In *PCFFA III* we found unlawful the first two phases of the three-phase, ten-year flow plan issued by the NMFS. Upon

remand to the district court, the NMFS released a "supplement" to the invalidated plan in hopes of avoiding a permanent injunction. Notably, however, the supplement made no changes to the flow plan for the 2002–2012 period (which we held invalid in *PCFFA III* ), and, most importantly, the NMFS and the BOR did *not* reinitiate the ESA-mandated consultation process in producing the supplement.

█ It is well settled that a previous agency determination in a Biological Opinion cannot be amended or supplemented with post-determination analysis or evidence without reinitiating the consultation process. *See, e.g., Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059, 1076–77 (9th Cir.2004); *Ariz. Cattle Growers' Assoc. v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1245 (9th Cir.2001). Indeed, it is clear that "post-hoc rationalizations" of agency decisions are not permitted as they provide an inadequate basis for judicial review. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962). The NMFS supplement is nothing more than the product of post-hoc rationalization.

Moreover, the supplement also included a twenty-four-page "second enclosure" in which the NMFS, relying on evidence that had only become available after 2002, discussed a litany of issues relevant to the impact of the proposed plan on the coho salmon. The enclosure's in-depth discussion of new and relevant data demonstrates why the BOR and the NMFS must reinitiate the consultation process to develop a comprehensive, up-to-date biological opinion addressing the shortcomings we

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1.] It should be noted that neither the Bureau of Reclamation nor the National Marine Fisheries Service has joined the KWUA in this appeal.

previously identified in *PCFFA III* and avoiding jeopardy to the coho. *See Gifford Pinchot*, 378 F.3d at 1077 ("If the data [are] new and the new data may affect the jeopardy or critical habitat analysis, then the FWS [is] obligated to reinitiate consultation pursuant to 50 C.F.R. § 402.16."); 50 C.F.R. § 402.16.

■ Second, the KWUA contends that the injunction is unlawful because it constitutes an exercise of authority beyond that allowed under the ESA. This argument fails for two reasons. First—as we already explained in *PCFFA III*—in determining what percentage of flow is required to avoid jeopardizing coho salmon, "[t]he proper baseline analysis is not the proportional share of responsibility the federal agency bears for the decline in the species [(i.e, fifty-seven percent)], but what jeopardy might result from the agency's proposed actions in the present and future human and natural contexts." 426 F.3d at 1093. Thus, the inquiry is forward-looking; the proper baseline must incorporate all of the factors relevant to whether jeopardy will result once the Project is implemented. KWUA's interpretation of 50 C.F.R. § 402.02 to mean that district courts cannot enjoin federal agencies from taking action that is likely to jeopardize protected species unless the agency is the historical cause of jeopardy is therefore erroneous.

Moreover, KWUA's novel interpretation of the ESA is not shared by the NMFS, which has explained that the proper environmental baseline "includes the past and present impacts of *all Federal, state, or private actions* and other human activities in the action area (50 C.F.R. § 402.02), and a summary of the conditions faced by [ ] threatened and endangered species in the action area." (Emphasis added.) As NMFS acknowledged, "[p]roject construction and operation have continued since the early 1900s, and thus in effect are a part of the environmental baseline."

Second, KWUA's challenge fails to recognize that district courts have "broad latitude in fashioning equitable relief when necessary to remedy an established wrong." *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir.1994). Because the district court's injunction was "reasonably calculated to 'remedy an established wrong,'" the court did not abuse its discretion. *Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 1001 (9th Cir.2000) (quoting *Alaska Ctr.*, 20 F.3d at 986). Enjoining diversions of water to ensure that the flow limits specified by NMFS are met is an equitable remedy reasonably calculated to prevent BOR from jeopardizing coho salmon in its Klamath Project operations. Accordingly, the injunction was a valid exercise of the court's equitable powers.

**AFFIRMED.**